UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DAVID BRYCE WARDEN, Civil No. 00-713 (JRT/ESS)

Plaintiff,

v. REPORT AND RECOMMENDATION

FEDERAL BUREAU OF PRISONS
ET AL,

Defendants.

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees" [Docket No. 2], by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

On March 20, 2000, Plaintiff, a prisoner at the Federal Correctional Institution, Waseca, commenced this action by filing a complaint [Docket No. 1] alleging that Defendant, The Federal Bureau of Prisons, ("BOP"), has violated his federal constitutional rights. Plaintiff did not pay the normal filing fee required by 28 U.S.C. § 1914, but instead filed an application for IFP status. This Court noted that Plaintiff had not paid the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1). This omission was called to his attention by this Court's order of March 24, 2000. [Docket No. 9]. That order gave Plaintiff thirty (20) days to cure this defect in his request for IFP status by submitting the initial partial filing fee prescribed by § 1915(b)(1). That order also expressly advised Plaintiff that his case would be subject to

FILED MAY 24 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

summary dismissal, unless he complied with both of those requirements within the time allowed.[1]

The deadline for satisfying the requirements of the Court's prior order has now expired. To date, however, Plaintiff has not satisfied the second requirement of the Court's prior order. He has not tendered the initial partial filing fee prescribed by § 1915(b)(1), nor has he offered any explanation for his failure to pay the fee as required both by statute, and by this Court's prior order.[2] Thus, Plaintiff has failed to comply with the requirement set forth in the Court's prior order within the time allowed. Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with both of those requirements, it is now recommended that Plaintiff be deemed to have abandoned this action. Fed.R.Civ.P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly

---

[1] The final sentence of the Court's prior order reads as follows: "In the event that Plaintiff fails to submit the new IFP application *and initial partial filing fee* within thirty days after the date of this order, it will be recommended that the action be dismissed without prejudice." (Order dated March 24, 2000, [Docket No. 9], (emphasis added).)

[2] According to the trust account information appearing on Plaintiff's Amended IFP application, the amount of the average monthly deposits to his prison trust account during the past six months was $247.75. While the average monthly balance during the same period was not readily apparent, it clearly appears to be less than $247.75. The initial partial filing fee required by § 1915(b)(1) is twenty percent (20%) of the greater of those two amounts. Therefore, the initial partial filing fee that Plaintiff should have paid in this case was $49.55, ($247.75 x 20% = $49.55.) If Plaintiff had paid that amount, he still would have been required to pay the remaining balance of the $150 filing fee in installments, pursuant to § 1915(b)(2).

and expeditious disposition of cases").

It is further recommended that this action be dismissed without prejudice, so that Plaintiff will have an opportunity to re-assert his claims in a new action. Needless to say, if Plaintiff commences any new action, he will have to either pay the full filing fee prescribed by 28 U.S.C. § 1914, or comply with all of the requirements governing prisoner IFP applications, as set forth in 28 U.S.C. § 1915.

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

1. Plaintiff's Application to Proceed Without Prepayment of Fees, [Docket No. 2], be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 24, 2000

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.